UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BASIL E. GORDON,

    Plaintiff,

v.   Case No. 6:23-cv-779-RBD-EJK

CAPITAL ONE SERVICES, LLC,

    Defendant.
_____

## ORDER

On *sua sponte* review of the Complaint (Doc. 1), Plaintiff has failed to establish subject matter jurisdiction.

Federal courts have the "power to decide only certain types of cases"— including cases brought based on diversity jurisdiction under 28 U.S.C. § 1332. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). In such cases, the Court must ensure the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain; residence alone is not enough. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See Rolling Greens MHP, LP v. Comcast SCH*

*Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Here, Plaintiff's Complaint is deficient in two ways. First, Plaintiff alleges his own citizenship by stating that he resides in Florida. (Doc. 1, ¶¶ 7, 9.) But this is not enough—Plaintiff must allege his domicile (residence *plus* an intent to remain). *See Taylor*, 30 F.3d at 1367. Second, Plaintiff alleges that Defendant, an LLC, has a principal place of business in Virginia. (Doc. 1, ¶ 7.) But this is insufficient to establish citizenship for an LLC—Plaintiff must allege the identities and citizenship of each LLC member to establish Defendant's citizenship and thereby diversity. *See Rolling Greens*, 374 F.3d at 1022 (11th Cir. 2004); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co.*, No. 6:17-cv-920, 2017 WL 8941180, at *1 (M.D. Fla. June 22, 2017). So Plaintiff has failed to establish subject matter jurisdiction and must replead.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. By **Tuesday, May 16, 2023**, Plaintiff may file an amended complaint. Failure to timely file or adequately address the issues in this Order may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 2, 2023.


ROY B. DALTON JR.
United States District Judge

3